Henry Eugene Alexander, Appellant, *v.* Joseph A. Dono- | 143  203 |
hoe et al., Impleaded, etc., Respondents.    | j164  222 |

Plaintiff, who, as his complaint stated, sued as a stockholder of a mining corporation in his own behalf and that of others similarly situated, sought to set aside and annul various transactions relating to and conveyances of property alleged to belong to the corporation, on the ground that said conveyances were fraudulent, and intended to injure and defraud plaintiff and others similarly situated. Among the alleged fraudulent transactions was the foreclosure of a mortgage executed by the company. The complaint alleged that in the foreclosure suit the corporation and the trustee for the mortgage bondholders were made defendants, and appeared and answered, setting forth the same matters as were set forth in the complaint herein, and the same issues were presented in that action as in this; those issues were litigated in that action and determined against the defendants. No allegations of collusion or other grounds which would give a court of equity jurisdiction to set aside the judgment were made against it. *Held,* that plaintiff was estopped by said judgment; that plaintiff's right of action was a derivative one, he suing not primarily in his own right, but in that of the corporation, and so any defense which defendants would have if the corporation was plaintiff might be interposed against the stockholder.

The complaint alleged that prior to the formation of said corporation the property was held by trustees, who had issued trust certificates, and who subsequently conveyed to another corporation ; that plaintiff held certain of said certificates, which, more than twelve years before the commencement of this action, he exchanged for stock of a corporation, and subsequently exchanged said stock for the stock of the corporation as a stockholder of which he sued, to which the property had been transferred. *Held;* that plaintiff could not, at least until he had repudiated the exchange as void, claim as *cestui que trust,* and so escape the bar of the foreclosure judgment ; that even if not bound to rescind and to offer to surrender his stock, and demand to be reinstated in his position as a certificate holder before the commencement of his action, or in his complaint, he was at least bound to do so on the trial, and having failed so to do could only claim as stockholder, and was bound by the foreclosure judgment.

Reported below, 68 Hun, 131.

(Argued June 8, 1894; decided October 9, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made March 17, 1893, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was commenced in 1882 for an accounting and distribution of the proceeds of property in which plaintiff and others had an equitable interest, alleged to have been fraudulently misappropriated by the defendants Kelly and Donohoe.

The defendants, besides Donohoe and Kelly, are Mark Brumagim, John J. McEwen, John A. Stewart, John W. Benjamin, The Farmers' Loan and Trust Company, The Mariposa Company, The Mariposa Land and Mining Company of New York and the Mariposa Land and Mining Company of California. None of the defendants answered the complaint but Donohoe, Kelly and the Farmers' Loan and Trust Company.

The plaintiff describes himself in the complaint as suing on behalf of himself and of all others who as stockholders of the Mariposa Land and Mining Company of California are assignees and successors of the original holders of the Mariposa trust certificates and first preferred stock and other stocks of the Mariposa Company under the trust deed dated April 25, 1868, and of the holders of the stock of the Mariposa Land and Mining Company of New York, and of all the right, title and interest of the original holders in and to the Mariposa estate, and who have accepted stock of the Mariposa Land and Mining Company of New York and the Mariposa Land and Mining Company of California, who are similarly situated with the plaintiff, and who will come in and contribute to the expenses of the action.

The action came to trial in 1890, and the plaintiff's counsel opened the case by recapitulating the facts set forth in the complaint, and the counsel for Donohoe and Kelly then moved that on the complaint and the opening the complaint be dismissed, and the motion was granted. The plaintiff appealed to the General Term from the judgment entered against him, and from affirmance there to this court.

*Edward C. Perkins* for appellant.  Up to the time of the sale by the trustees to John Brumagim and his transfer of title to the New York company, and the surrender of the certificates by the holders, the Mariposa trustees (if not the certificate holders) would have been entitled, in equity, to a decree against Kelly and his confederates for relief against the title obtained by them on failure to redeem from the first tax sale, and directing a re-conveyance.  (*Kortright* v. *Cady,* 21 N. Y. 343; *Briggs* v. *Davis,* 20 id. 15; *Swinburne* v. *Swinburne,* 28 id. 568; *Deobold* v. *Oppermann,* 111 id. 531; Perry on Trusts, § 828.)  The subsequent changes in the form of the interest of Kelly and Donohoe in the property, and the transfers of the title to the property itself, did not cut off the equitable rights of the certificate holders, arising out of the frauds thus perpetrated.  (2 Story's Eq. Juris. § 1264; *Bovey* v. *Smith,* 1 Vern. 60; *Armstrong* v. *Campbell,* 3 Yerg. 201, 236; *Ely* v. *Wilcox,* 26 Wis. 91; *Bank* v. *Wilcox,* 24 id. 671; *Kennedy* v. *Daly,* 1 Sch. & Lef. 379; *Bailey* v. *Bailey,* 61 Maine, 361; *Schutt* v. *Lange,* 6 Barb. Ch. 373; *M. Co.* v. *M. Co.,* 15 Nev. 101; *Saunders* v. *Deheu,* 2 Vern. 271; *Mumford* v. *Stohwasser,* L. R. [18 Eq. Cas.] 556; *Allen* v. *Knight,* 5 Hare, 272; *Newton* v. *Porter,* 69 N. Y. 133; *N. Bank* v. *Barry,* 120 Mass. 20; *U. S. Bank* v. *S. Bank,* 96 U. S. 30; Perry on Trusts, § 218.)  The California judgment is not a bar to this action.  (*Donohoe* v. *M. Co.,* 66 Cal. 317; *Skidmore* v. *Morgan,* 3 Abb. [N. C.] 92.)  The fact that the plaintiff has not returned, or offered to return, the stock of the California company held by him, does not prevent his suing as a certificate holder.  (*Zebley* v. *F. L. & T. Co.,* 139 N. Y. 469; *Coffin* v. *G. R. H. Co.,* 136 id. 655.)  The Statute of Limitations had not run when the suit was begun.  (*Carr* v. *Thompson,* 87 N. Y. 160; *Bosley* v. *Nat. M. Co.,* 123 id. 554.)  The theory upon which this case is now argued is entirely consistent with the complaint.  (*Wetmore* v. *Porter,* 92 N. Y. 80; *Emery* v. *Pease,* 20 id. 62; *Mott* v. *Oppenheimer,* 135 id. 312.)

*Frederic R. Coudert* for respondent.   Plaintiff cannot maintain this suit.   (*Milliken* v. *Whitehouse*, 49 Maine, 527; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340; *Stephen* v. *Fox*, 83 id. 313; *Hastings* v. *Drew*, 76 id. 9; *Mills* v. *Stewart*, 41 id. 384; *Bartlett* v. *Drew*, 57 id. 587; *Rankin* v. *Elliott*, 16 id. 377, 380; *Hawkins* v. *Glenn*, 131 U. S. 319; *Thayer* v. *N. E. L. Co.*, 108 Mass. 523; *Hawes* v. *A. S. P. Co.*, 101 id. 385; *Hawes* v. *Oakland*, 104 U. S. 46.)

EARL, J.   The complaint in this action covers 158 pages of the printed record, besides the judgment roll in the action of Donohoe against the Mariposa Land and Mining Company of California and The Farmers' Loan and Trust Company, which is annexed to the complaint and forms part thereof, and which covers nearly 400 pages more.   The facts alleged are so numerous and complicated that it is impracticable to state all or even the substance of them here, and a few only of the most important of them can be presented.

The Mariposa Company is a corporation organized prior to the year 1868, under the laws of this state for the purpose of owning and operating the mining property known as the Mariposa estate situated in California, and consisting of seventy square miles of land.   The company had issued coupon bonds secured by a mortgage upon its estate and it owed a floating debt and had issued preferred and common stock.   John W. Brumagim held the legal title to the estate which he had acquired for his brother Mark Brumagim at a cost of $300,000, and the company was in default in the payment of interest upon the mortgage.   On the 25th day of April, 1868, John W. Brumagim conveyed the estate to Mark Brumagim and Edward B. Walworth and John J. McEwen, as trustees, and to their successors and assigns forever, subject to the payment to him of the sum of $300,000, upon certain trusts mentioned in the deed of conveyance, among which were the following: To apply the net proceeds of the mining operations carried on upon the estate to the payment of the

$300,000, to the payment of dividends at ten per cent per annum upon certificates to be issued by the trustees to an amount not exceeding $4,000,000, to be known as Mariposa certificates, to the payment of a dividend not to exceed ten per cent per annum upon the preferred stock of the Mariposa Company, to the payment of the principal of the Mariposa certificates under certain conditions, and upon certain contingencies to sell the estate at public auction, and to apply the proceeds of the sale as in the trust deed mentioned, among other things upon the trust certificates, and the preferred and common stock of the company.   Walworth resigned as trustee, and the defendant John A. Stewart was appointed in his place.   After the 1st day of July, 1868, the holders of the bonds of the Mariposa Company, and its other creditors and its stockholders as provided in the trust deed, to a very large extent, exchanged their bonds, debts and stocks for the Mariposa certificates issued by the trustees, and at the same time paid certain assessments as provided in the trust deed, and in that way trust certificates were issued to the amount of $4,000,000.   The plaintiff, in March and April, 1870, purchased one hundred shares of the preferred stock of the company at the par value of $100, and trust certificates of the par value of $10,000.   In March, 1871, the Mariposa estate was sold for taxes and purchased for Donohoe and Kelly in the names of five other persons, and title was perfected in them.   In June, 1871, the Mariposa Land and Mining Company of New York was organized under the laws of this state with a capital of $15,000,000, divided into preferred and common stock, for the purpose of taking title to the Mariposa estate.   The stock of that company was exchangeable for the trust certificates and for the stocks and bonds of the Mariposa Company upon certain conditions specified, and in November, 1871, the plaintiff surrendered to it his trust certificates and his shares of stock in the Mariposa Company and paid in addition an assessment of $500, and he received for his certificates, stock and money 247½ shares of stock in the new company, and his holdings of stock in that company amounted

in March, 1873, to 250 shares. The nominal holders of the Mariposa estate under the tax title conveyed the estate to Mark Brumagim, and he subsequently conveyed it to John W. Brumagim. The trustees under the trust deed of 1868 also sold the estate at public auction, and at such sale John W. Brumagim became the purchaser, and he subsequently conveyed the estate to the new corporation upon certain terms and conditions specified. In 1874 the Mariposa Land and Mining Company of California was incorporated under the laws of California with a capital stock of $15,000,000, and the prior corporation conveyed the Mariposa estate to that corporation. The stock of the New York corporation was exchangeable for the stock of the California corporation, and the plaintiff and other stockholders exchanged their stock in the New York corporation for stock in the California corporation. Subsequently the Mariposa estate owned by the California corporation was sold under judgments and tax sales and purchased for the defendant Donohoe, and title was perfected under such sales, and thereafter the estate was conveyed to the California corporation, and to secure a portion of the purchase price it executed a mortgage upon the estate to Donohoe, and subsequently it also executed a mortgage to the Farmers' Loan and Trust Company to secure the payment of bonds issued by it. Default having been made in the payment of the money secured by the mortgage to Donohoe he commenced an action to foreclose his mortgage, making the Mariposa Land and Mining Company of California and the Farmers' Loan and Trust Company defendants. Those defendants defended that action and it resulted in a decree of foreclosure, and the estate was sold under that decree, and at such sale in August, 1882, was purchased by one Wensinger for Donohoe and Kelly, and he subsequently conveyed the estate to Donohoe, who still later sold it for $300,000.

Thereafter this action was commenced, and in his complaint the plaintiff alleges that all the dealings of Kelly and Donohoe with the Mariposa estate, during more than twelve years, were fraudulent and intended to injure and defraud the plaintiff

and others similarly situated with him, and his prayer for relief, covering about eighteen printed pages, is, in substance, that all the conveyances, mortgages, judgments, sales and other trans- actions above mentioned, and many transactions not here men- tioned, be declared fraudulent and void and set aside, and that Kelly and Donohoe account for the whole estate and all its proceeds.

We must notice particularly the attitude of the plaintiff in this action, and the right in which he presents himself to the court in his complaint. He alleges, in the opening paragraph of his complaint above quoted, that he sues as a stockholder of the Mariposa Land and Mining Company of California; and in a subsequent portion of the complaint he further alleges: "All other stockholders of the Mariposa Land and Mining Company of California, as assignees of and successors to the right, title and interest in and to the said Mariposa estate, originally held by the holders of the Mariposa trust certificates under the said trust deed of April 25, 1868, and of the first preferred stock and other stocks of the defendant, the Mariposa Company, have an interest in common with this plaintiff in the relief sought in this action; but such holders are very numerous and the names of very many of them are unknown to this plaintiff, and they are so many in number that it is impracticable to bring them all before the court in this action or to join them by name as parties hereto ; and the plaintiff, therefore, brings this action, not only in his own behalf, but also on behalf of all other stockholders of the said Mariposa Land and Mining Company of California, as assignees of and successors to the aforesaid right, title and interest in and to the said Mariposa estate, similarly situated with this plaintiff who may come in and contribute to the expense of this action ;" and in the last paragraph of the complaint preced- ing the prayer for relief the plaintiff further alleges:

"This plaintiff has not applied to the said defendant corpo- rations, the Mariposa Land and Mining Company of New York and the Mariposa Land and Mining Company of Cali- fornia, nor to the said trustees, to induce them to bring action

to set aside the aforesaid fraudulent contracts and conveyances, nor to remove the cloud on the title to the Mariposa estate caused thereby, nor to compel an accounting by the said Kelly and Donohoe for the moneys received by them out of the said estate as hereinabove described, nor to enjoin the further transfer of the alleged title to the said estate, for the reason that the trustees, directors and officers of the said corporations, and a majority of the said trustees, have either been parties to the said fraudulent acts and doings sought to be avoided and set aside, or have been fraudulently or improvidently consenting thereto, and it would be a useless form to request them to take action for the protection and enforcement of the rights of this plaintiff, and of those similarly situated with him ; and this plaintiff, and those similarly situated with him, are afraid and unwilling to intrust the conduct of this suit, or of any similar suit, to them, or to any of them whose acts are sought to be impeached, as aforesaid, and should not in equity be compelled so to do."

The complaint contains allegations as to the trust deed of 1868, and the trust certificates issued under that deed, and the claim is therein made that certain acts of Donohoe and Kelly mentioned were frauds upon the trustees under that deed and the holders of the trust certificate. But no claim is there made by the plaintiff for relief in his existing right as a *cestui que trust* under the trust deed. But the claim is for relief from those frauds in his capacity as a stockholder of the California company and as such succeeding to the rights he held as *cestui que trust.*

If there is any fair and reasonable uncertainty as to the attitude which the plaintiff meant to assume in his complaint, and whether he meant to postulate his claim for relief upon his position as a stockholder in the California company or as the holder of the trust certificates, that doubt should be resolved against him. A plaintiff should not be permitted to frame his complaint in such ambiguous language as to mislead the opposite party and the court, and then complain that he has been held to one of two possible constructions rather than the other.

Suing as a stockholder the plaintiff's right of action is a derivative one. He sues, not primarily in his own rights, but in right of the corporation. The wrongs of which he complains are wrongs to the corporation. They were not aimed at him and did not involve his personal, individual rights. He suffers as a member of the corporation, and it is the party to sue for and recover damages for the wrongs, or equitable relief against the frauds alleged. The complaint is that all the alleged frauds running through twelve years in the end culminated in final wrong and injury to the corporation, and for relief on account of such wrong and injury a stockholder could only sue in case the corporation upon his demand, or what is equivalent thereto, refused or neglected to sue. (*Hawes* v. *Oakland*, 104 U. S. 450.) And in such an action any defense which a defendant would have if the corporation itself were the actual plaintiff, may be interposed to bar the stockholder.

The plaintiff is, therefore, estopped by the adjudication in the foreclosure action above mentioned of *Donohoe* v. *The Mariposa Land and Mining Company of California and The Farmers' Loan and Trust Company.* In that action both defendants interposed as a defense substantially the same matters now relied upon by this plaintiff for relief in this action. And in that action substantially the same issues were tried as are presented by the pleadings in this action, and the adjudication then upon all the issues was against the defendants there. The judgment in that action was rendered without any collusion after a real litigation by a court of competent jurisdiction, and no allegations are made against it on account of which a court of equity in a collateral action would have jurisdiction to set it aside. The judgment binds this plaintiff as a stockholder of the California corporation and bars his recovery in this action. (Morowetz on Corporations, § 865 ; *Stephens* v. *Fox*, 83 N. Y. 313 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 id. 340 ; *Hawkins* v. *Glenn*, 131 U. S. 319.)

But we may take the most favorable view of the com-

plaint which its phraseology will permit, and that is that the plaintiff stands both upon his rights as a *cestui que trust* under the trust deed of 1868, and his rights as a stockholder in the California corporation, and still the complaint was properly dismissed. He exchanged his trust certificates for stock in the Mariposa Land and Mining Company of New York, and then exchanged that stock for stock in the California company. So long as that exchange stands, he cannot regain his position as a certificate holder. He cannot claim to be both the holder of the certificates and the holder of the stock. It is only by repudiating the exchange as void on the ground of alleged frauds that it is possible for him to regain his position as a certificate holder, and so far as he seeks now to stand upon his right as a stockholder, he actually ratifies and confirms the exchange. He can in no degree assert his right as a stockholder and yet claim the right of a certificate holder, and thus escape the bar of the foreclosure judgment.

But the difficulty with the plaintiff's claim that he may now occupy the position of a certificate holder and thus escape from the bar of the foreclosure judgment is, if possible, still more fundamental. More than twelve years before the commencement of this action, the plaintiff exchanged his trust certificates for the stock of the Mariposa Land and Mining Company of New York, and about eight years before he exchanged that stock for the stock of the California company, and so at the time of the trial of this action he had not, for nearly twenty years, been a holder of any trust certificates, and during all that time he had been a stockholder in one or the other of the two corporations, enjoying whatever advantages that position gave him. He has never surrendered his stock nor demanded the return of his certificates, and he has never rescinded in any legal way the transactions by which his trust certificates were transmuted into stock. He did not offer in his complaint to surrender or give up his stock, and did not even there ask for any rescission of the exchanges mentioned. Even if he was not bound to rescind the transactions claimed to be affected with fraud, and to offer to surrender his stock

and demand to be re-instated in his position as a certificate holder before the commencement of this action, or even in his complaint, he was at least bound to do these things at the trial, and there he utterly failed to do them. There he stood upon the allegations contained in his complaint, and the complaint, as we must now assume, was dismissed upon all the grounds which could be made against it.

It is said that the judgment in the foreclosure action can form no bar to the maintenance of this action because Kelly was not a party to that action. But he was a party thereto in interest, and Donohoe stood in that action for both himself and Kelly. That action was prosecuted for Kelly's benefit, and, therefore, he was bound by and also has the benefit of any adjudication made therein.

We are, therefore, of opinion that the complaint was properly dismissed and that the judgment should be affirmed, with costs.

All concur except ANDREWS, Ch. J., and GRAY, J., not voting.

Judgment affirmed.