Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

On plaintiff stipulating to reduce damages to $2,500, judgment as so reduced affirmed, without costs. In default of such stipulation, judgment reversed, new trial ordered, with costs to appellants to abide event.

---

In the Matter of the Petition of ANDREA FONTANA and Another, Appellants, to be Made Parties Defendant in an Action Between the ATLANTIC TRUST COMPANY, as Trustee, Respondent, *v.* THE HASKIN WOOD VULCANIZING COMPANY and Another, Defendants.

*Corporation — intervention of stockholders in a litigation, discretionary with the court — extension of the time to appeal.*

Where a corporation is the real party in interest in a controversy, it is a matter resting in the discretion of the Special Term, notwithstanding the mandatory language of section 452 of the Code of Civil Procedure, to permit stockholders of such corporation to intervene and be made parties to the action, subject to the review by the General Term of such exercise of discretion.

After a litigation in a court of competent jurisdiction and the entry of judgment therein, and in the absence of allegations on account of which a court of equity in a collateral action would have jurisdiction to set the judgment aside, the right of stockholders of the corporation, asking for leave to be brought in as parties to the action, and thus to revive and extend the time to appeal from such judgment, is doubtful, after the time to appeal, so far as the corporation is concerned, has expired, and its right to appeal has been lost.

Where no fraud or collusion, so far as the receiver of the corporation is concerned, is charged, and the litigation has been actively and strenuously fought by one at least of the petitioning stockholders, and where from the facts it cannot be determined whether or not the refusal of the receiver to appeal (in which he is shown to have been supported by many of the parties in interest), was justifiable, no sufficient ground is presented to the Special Term to require it, in the exercise of a wise discretion, to grant the right to intervene.

APPEAL by the petitioners, Andrea Fontana and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1894, denying the prayer of the petitioners to be made parties to the action brought by the Atlantic Trust Company, as trustee, against the Haskin Wood Vulcanizing Company and another.

The petition of the stockholder Fontana, in which another stockholder joined, and which is the basis of this application, shows that an action was begun in this court wherein the Atlantic Trust Company, as trustee, is plaintiff against the Haskin Wood Vulcanizing Company, for the foreclosure of a mortgage upon all the property of the latter corporation; that in furtherance of a scheme in the interest of the bondholders the president and the management of the corporation permitted the plaintiff to enter a judgment of foreclosure and sale on the 18th day of October, 1893, and the property was advertised for sale on the 20th of November, 1893. In October, 1893, certain judgment creditors commenced an action to sequestrate the property of the corporation, in which action one David Thomson was appointed receiver of the corporation and took possession of its property.

Subsequently an order was made by this court opening the judgment of foreclosure and allowing the receiver to come in and defend. After his answer was interposed, the issues were, by consent, referred to a referee to hear and determine. The referee subsequently reported in effect that the mortgage was invalid as a lien upon all the property of the corporation as to the creditors and receiver, but valid as against the corporation as to a portion of the property, and directed a sale and judgment for deficiency, if any there was, due plaintiff. Such judgment was entered and a sale advertised thereunder. The receiver likewise advertised a sale of all the property of the corporation. Certain stockholders and judgment creditors requested the receiver to appeal from the judgment of foreclosure, and on his refusal requested the court so to instruct him, which the court, for reasons stated in the opinion, declined to do.

The petitioner, after reciting such facts, says: "As I am advised and verily believe, my rights as a stockholder of the defendant cor-

poration are seriously endangered and imperiled by said judgment, unless I am allowed to come in, defend the action and appeal. * * * I supposed that said David Thomson was appointed receiver to protect the rights of the stockholders as well as all others interested in the defendant corporation, but as I am informed and believe, and as shown by his affidavit in the motion to instruct him to appeal, he acts simply for the creditors and does not intend to protect the right of the stockholders."

This petition is supported by affidavits, the one presented by the stockholder who joins in the petition showing that upon an application made to the attorney-general to take into consideration the position assumed by the receiver, there resulted an arrangement by which he was permitted to appear at the reference, examine and cross-examine the witnesses, and in every way to assist the receiver in maintaining the defenses that had been interposed to the validity of the mortgage.

In answer to the petition and affidavits, the receiver denies that portion of the petition which states that the receiver "acts simply for the creditors and does not intend to protect the rights of the stockholders." There was also the affidavit of the attorney for the Atlantic Trust Company, trustee, plaintiff in the foreclosure suit, showing the five grounds of defense set up by the receiver and all the proceedings subsequently had, from which it would appear, not only that the stockholder who joins in this petition took an active part throughout all the proceedings, but that at different stages the attorney for the petitioner intervened, notably after the motion for judgment upon the referee's report, and prior to the entry of judgment upon a settlement of an order for sale.

In addition to the showing thus made of the part taken by the petitioners and their knowledge of the proceedings in the foreclosure suit, the attorney for the trust company in his affidavit directly assails the good faith of the application, and asserts that one of these stockholders (referring to the one that appeared upon the reference and examined the witnesses) has been conversant with every step of the litigation, and that "one of the judges of this court stated to said Mitchell that if he was not satisfied with the conduct of this litigation he should intervene, and that deponent has frequently suggested the same thing, but that he has not hitherto endeavored to do

so ; that it is the opinion of your deponent that the object of this motion is in effect to take an appeal and use said appeal to delay the sale of the property by the receiver. That the defendant company is hopelessly insolvent, and that a speedy sale is desired and urged by ninety-five per cent of the creditors."

Some other affidavits and papers are used, but the substantial facts relating to the merits of this application have been stated.

*Franklin Bien* and *John Murray Mitchell*, for the appellants.

*William C. Osborn*, for the respondent.

O'BRIEN, J. :

By section 452 of the Code of Civil Procedure it is provided that " where a person not a party to the action has an interest in the subject thereof, * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." Relying, no doubt, upon the mandatory language of the section, the petitioner applies to be made a party, to the end that he may appeal from the judgment of foreclosure and sale.

It is apparent that the proper party to the action in the first instance would be the corporation, which was joined, and which, through the receiver, interposed its defenses to the mortgage. The real party in interest, therefore, having been made a party, the petitioners were not entitled as a matter of right to be brought in, the question being one clearly within the discretion of the court. (*Ithaca Gas Light Co.* v. *Treman*, 93 N. Y. 660.) That was an application by a stockholder to be allowed to come in as a party defendant in an action brought by the company against its president and treasurer for alleged malfeasance. In a memorandum handed down it is said : " The Supreme Court has the power, under section 452 of the Code, to grant or refuse Beatley's application to be made a party to this action, and we cannot, therefore, interfere with the exercise of its discretion." The General Term, however, has the right to determine whether the discretion vested in the Special Term of the court has been wisely exercised.

We have examined the petition and the affidavits in support thereof and those in opposition, with a view to determining that question. From them it appears that in a foreclosure suit, which was strenu-

ously fought, with the aid of one of the petitioning stockholders, by the receiver, a decree or judgment of foreclosure and sale has been rendered. That such judgment was in some respects favorable to the receiver appears, and that the difference of opinion which has arisen between the receiver and the petitioning stockholders as to the propriety and advantage of appealing resulted in this application. As against the opinion of these stockholders, who hold shares of the corporation individually, the par value of which represents a large sum, the receiver, in his refusal to appeal, is supported by ninety-five per cent of the creditors.

Whether the course pursued by the receiver in not appealing was right, or whether the opinion expressed by counsel for the petitioners is correct, that the judgment would be reversed on appeal, must remain a subject of conjecture in the absence of anything before the court enabling it to determine that question. It is true that the form of the judgment seems anomalous, in that it holds the mortgage void in part, so far as it affects the receiver, and valid with respect to certain property, so far as it affects the corporation; but it would be hazarding an extreme opinion to hold, upon this mere appearance of inconsistency in the judgment, that it was invalid and should be reversed. Such a conclusion, without anything before the court upon which to base it, would be to destroy all the presumptions which naturally exist in favor of the validity of judgments. We think, therefore, that it was incumbent upon the petitioners to have set forth sufficient facts, not only showing the likelihood of reversal on appeal, but going a step further and showing that the final result, so far as the corporation and stockholders were concerned, would be a more favorable judgment. It may well be that this judgment was as favorable to the corporation as it had a right to expect, in which event the refusal of the receiver to go further would be but protecting the interests of the corporation which he represented. Upon the meagre facts presented in support of the application, either relating to the merits or showing that the receiver in refusing to appeal acted in bad faith or contrary to the interests he was appointed to protect, no collusion or fraud being charged, and in the light of the opposing affidavits, we cannot conclude that the Special Term improperly exercised its discretion.

Apart from this, we think the relief sought of doubtful utility,

in view of the judgment which has been entered against the corporation, the time to appeal from which, as respects the corporation, having expired.

In *Alexander* v. *Donohoe* (143 N. Y. 203), which was an action brought by a stockholder to set aside and annul various transactions relating to, and conveyances of, property alleged to belong to the corporation, among others, the foreclosure of a mortgage executed by the company, on the ground that the conveyances and transactions, including the foreclosure proceedings, were fraudulent, but the complaint in which action did not allege collusion or other grounds that would give a court of equity jurisdiction to set aside the judgment against it, it was held that the plaintiff was estopped by said judgment, the court, in the course of the opinion, saying: "Suing as a stockholder, the plaintiff's right of action is a derivative one. He sues, not primarily in his own rights, but in right of the corporation. The wrongs of which he complains are wrongs to the corporation; they were not aimed at him and did not involve his personal or individual rights. He suffers as a member of the corporation, and it is the party to sue for and recover damages for the wrongs or equitable relief against the frauds alleged." And in speaking of the action, the judgment recovered in which was sought to be set aside, the opinion continues: "And in that action substantially the same issues were tried as are presented by the pleadings in this action, and the adjudication then upon all the issues was against the defendants there. The judgment in that action was rendered without any collusion, after a real litigation, by a court of competent jurisdiction, and no allegations are made against it on account of which a court of equity in a collateral action would have jurisdiction to set it aside. The judgment binds the plaintiff as a stockholder * * * and bars his recovery in this action."

The distinction between the action thus brought by the stockholder and an application made upon petition to be allowed to intervene in the very action in which the judgment was obtained is of course apparent; but this does not destroy the rule that is applicable in respect to the binding force and effect of a valid judgment. If the petitioners can be permitted practically to occupy the position of the receiver, who refuses to appeal, and in his stead contest on behalf of the corporation the validity of the mortgage, then we

see no reason why, if these stockholders are defeated, other stockholders may not come in, and so on *ad infinitum*. Such a course would indefinitely postpone a sale. Unquestionably the court has the power in a proper case to permit a stockholder to intervene, as shown by the case already referred to of *Ithaca Gas Light Co.* v. *Treman;* but after judgment obtained, as said in *Alexander* v. *Donohoe* (*supra*), " after a real litigation, by a court of competent jurisdiction," and without allegations " made against it on account of which a court of equity in a collateral action would have jurisdiction to set it aside," the rights of these petitioners to revive and extend the time to appeal is, to say the least, doubtful, after such time, so far as the corporation is concerned, has expired, and its right to appeal has been lost.

Without deciding this, however, we think that where, as here, no fraud or collusion, so far as the receiver is concerned, is charged, and where from the facts it cannot be determined whether or not the refusal of the receiver to appeal — in which he seems to have been supported by so many interested — was justifiable, after a litigation actively and strenuously fought by one at least of the petitioning stockholders, no sufficient ground was presented to the court below to require it, in the exercise of a wise discretion, to grant the right to intervene. Upon examination we have concluded that no proper case has been made out which would justify us in interfering with the discretion exercised by the Special Term.

Order affirmed accordingly, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.