GEORGE R. TEICH, on His Own Behalf as a Stockholder and for the Benefit of All Other Stockholders, Similarly Situated, of Equity Corporation, Appellant and Respondent, and CAMBART Co., INC., Intervener, Plaintiff, Appellant and Respondent, *v.* JOSEPH S. LAWRENCE et al., Defendants, and DAVID M. MILTON et al., Defendants, Respondents and Appellants.

Argued October 11, 1943; decided November 24, 1943.

*Samuel A. Mehlman* for George R. Teich, plaintiff, appellant and respondent. The first cause of action is the embodiment of fraud and is governed by the six-year fraud statute, subdivision 5 of section 48 of the Civil Practice Act. (*Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Kershaw* v. *Julien,* 72 F. 2d 528; *The Kalfarli,* 277 F. 391; *Matter of Di Crocco,* 170 Misc. 826; *Wechsler* v. *Bowman,* 285 N. Y. 284; *Broderick* v. *Marcus,* 146 Misc. 240, 239 App. Div. 816; *Ripperger* v. *Allyn,* 37 F. Supp. 369; *Lonsdale* v. *Speyer,* 249 App. Div. 133; *Matter of Van Sweringen Co.,* 119 F. 2d 231; *Chappel* v. *First Trust,* 30 F. Supp. 763.) The first cause of action is governed by the ten-year Statute of Limitations because an equity court alone can grant full and complete recovery. (*Squier* v. *Houghton,* 131 Misc. 129; *Newton* v. *Porter,* 69 N. Y. 133; *Potter* v. *Walker,* 276 N. Y. 15; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.,* 270 N. Y. 86; *Cwerdinski* v. *Bent,* 256 App. Div. 612, 281 N. Y. 782; *Pink* v. *Title Guarantee & Trust Co.,* 274 N. Y. 167; *Hearn 45th St. Corp.* v. *Jano,* 283 N. Y. 139; *Frank* v. *Carlisle,* 261 App. Div. 13; *Wagner* v. *Armsby,* 264 App. Div. 379.)

*Enos S. Booth* and *George C. Baron* for Cambert Co., Inc., plaintiff, intervener, appellant and respondent. The first cause of action is within subdivision 5 of section 48 of the Civil Practice Act and is not barred. (*Pink* v. *Title Guarantee & Trust Co.,* 274 N. Y. 167; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290.) In the event that the first cause of action does not fall within subdivision 5 of section 48 of the Civil Practice Act, then it still is not barred by the Statute of Limitations because then the ten-year statute would apply. (Civ. Prac. Act, § 53; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.,* 270 N. Y. 86; *Potter* v. *Walker,* 276 N. Y. 15; *Chance* v. *Guaranty Trust Co. of New York,* 260 App. Div. 216; *Falk* v. *Hoffman,* 233 N. Y. 199; *Hearn 45th St. Corp.* v. *Jano,* 283 N. Y. 139; *Fur & Wool Trading Co.* v. *Fox,* 245 N. Y. 215; *Goldstein* v. *Tri-Continental Corp.,* 282 N. Y. 21.) The Statute of Limitations should be liberally construed in favor of the plaintiffs. (*National Surety Co.* v. *Ruffin,* 242 N. Y. 413; *Matter of Steinway,* 174 Misc. 554.)

*William C. Scott, William J. Mahon* and *Donald W. Smith* for defendants, respondents and appellants. The first cause of action does not state a cause of action to procure a judgment on the ground of fraud within the meaning of subdivision 5 of section 48 of the Civil Practice Act. (*Frank* v. *Carlisle,* 286 N. Y. 586; *Dunlop's Sons, Inc.,* v. *Spurr,* 285 N. Y. 333; *Potter* v. *Walker,* 276 N. Y. 15; *Carr* v. *Thompson,* 87 N. Y. 160; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Wechsler* v. *Bowman,* 285 N. Y. 284; *Hearn 45th St. Corp.* v. *Jano,* 283 N. Y. 139; *Lever* v. *Guaranty Trust Co.,* 262 App. Div. 1044, 289 N. Y. 615; *Siegrist* v. *American Sugar Refining Co.,* 289 N. Y. 602; *Siegrist* v. *American Locomotive Co.,* 289 N. Y. 604; *Hart* v. *Goadby,* 72 Misc. 232; *Glover* v. *National Bank of Commerce,* 156 App. Div. 247; *Druckerman* v. *Harbord,* 31 N. Y. S. 2d 867; *Gobel* v. *Hammerslough,* 263 App. Div. 1, 288 N. Y. 653.) The first cause of action is barred by the six-year Statute. It is one for damage to property, or at the very most, an action for money had and received. Having been commenced more than eight years after the commission of the acts complained of, it is barred. (*Potter* v. *Walker,* 276 N. Y. 15; *Dunlop's Sons, Inc.* v. *Spurr,* 259 App. Div. 233, 285 N. Y. 333; *Frank* v. *Carlisle,* 286 N. Y. 586; *Brackett* v. *Griswold,* 112 N. Y. 454; *Green* v. *Davies,* 182 N. Y. 499; *Von Au* v. *Magenheimer,* 126 App. Div. 257, 196 N. Y. 510; *Coronado Development Corp.* v. *Millikin,* 175 Misc. 1; *Keys* v. *Leopold,* 241 N. Y. 189; *Goldstein* v. *Tri-Continental Corp.,* 282 N. Y. 21; *Pierson* v. *McCurdy,* 33 Hun, 520, 100 N. Y. 608; *Corash* v. *Texas Co.,* 264 App. Div. 292; *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.,* 270 N. Y. 86; *Butler* v. *Johnson,* 111 N. Y. 204.) Actual fraud within the meaning of subdivision 5 of section 48 of the Civil Practice Act is not the gravamen of the first cause of action. Common law fraud is not even alleged. (*Carr* v. *Thompson,* 87 N. Y. 160; *Glover* v. *National Bank of Commerce,* 156 App. Div. 247; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259; *Frank* v. *Carlisle,* 286 N. Y. 586; *Lever* v. *Guaranty Trust Co.,* 262 App. Div. 1044, 289 N. Y. 615; *Gobel* v. *Hammerslough,* 263 App. Div. 1, 288 N. Y. 653; *Hart* v. *Goadby,* 72 Misc. 232; *Druckerman* v. *Harbord,* 31 N. Y. S. 2d 867.) The ten-year Statute has no application to the first cause of action. (*Hart* v. *Blabey,* 287 N. Y. 257; *Model Building & Loan Assn.* v. *Reeves,* 236 N. Y. 331; *Seymour* v. *Mechanics & Metals Nat. Bank,*

199 App. Div. 707; *New York & Boston Despatch Express Co.* v. *Carroll,* 170 App. Div. 197; *Dunlop's Sons, Inc.,* v. *Spurr,* 285 N. Y. 333; *Hastings* v. *Byllesby & Co.,* 265 App. Div. 643; *McLear* v. *McLear,* 265 App. Div. 556, 266 App. Div. 702; *Roberts* v. *Ely,* 113 N. Y. 128; *Marvin* v. *Brooks,* 94 N. Y. 71; *People* v. *Central R. R. Co.,* 42 N. Y. 283.) The second and fourth causes of action are likewise barred by the six-year Statute. (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287.)

*Per Curiam.* In this stockholders derivative action, two defendants moved for an order dismissing the first, second and fourth causes of action on the ground that this action thereon was not commenced within the time limited by law for the commencement thereof. (See Rules of Civil Practice, rule 107, subd. 6.) Special Term granted the motion. On appeal by the plaintiffs to the Appellate Division the order was so modified that the motion to dismiss was granted as to second and fourth causes of action and otherwise denied. Thus as to the first cause, this action was held to have been commenced in time. The case is now here on cross appeals.

We agree with the courts below in their ruling that the second and fourth causes were barred when this action was commenced against the moving defendants. The contrary ruling which the Appellate Division made in respect of the first cause was based on the view that the first cause sought a judgment on the ground of fraud within Civil Practice Act, section 48, subdivision 5. This was error. A stockholders' derivative action belongs to the corporation that has been wronged. The present complaint alleged no fraud upon the defendant corporation in whose behalf the plaintiffs sue. (See *Lever* v. *Guaranty Trust Co.,* 289 N. Y. 615.)

On plaintiffs' appeal, the judgment should be affirmed, without costs.

On defendants' appeal, the order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in the Appellate Division and in this court. The question certified should be answered in the affirmative.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Judgment accordingly.