STANLEY CLARKE, as Trustee of ASSOCIATED GAS AND ELECTRIC COMPANY, Appellant, *v.* ADOLPH GREENBERG et al., Respondents.

Argued October 4, 1946; decided January 16, 1947.

*Harold Harper, Ben A. Matthews* and *Vincent P. Uihlein* for appellant. I. A stockholder who puts himself forward as the champion of the corporation or of other stockholders as a class, is, with respect to all funds coming into his hands as a result of that championship, a fiduciary for the corporation or the class. Moneys received in settlement of an action brought on behalf of the corporation are subject to the fiduciary principle. They are not to be appropriated by a single stockholder. (*Meinhard* v. *Salmon,* 249 N. Y. 458; *Young* v. *Higbee Co.,* 324 U. S. 204; *Craftsman Finance & Mortgage Co.* v. *Brown,* 64 F. Supp. 168; *Whitten* v. *Dabney,* 171 Cal. 621; *Loeb* v. *Berman,* 217 Cal. 716; *Denicke* v. *Anglo California Nat. Bank,* 141 F. 2d 285.) II. Dictum that the stockholder might settle his individual damage was not intended to apply to the corporation's cause of action. If it was so intended, it is contrary to the accepted law that the stockholder in such an action asserts no individual claim. (*Brinckerhoff* v. *Bostwick,* 99 N. Y. 185; *Potter* v. *Walker,* 276 N. Y. 15; *Hichins* v. *Congreve,* 4 Russell 562; *Hanford* v. *Story,* 2 Simmons & Stuart 195; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7; *Remy Beverages* v. *Myer,* 56 N. Y. S. 2d 828; *Brock* v. *Poor,* 216 N. Y. 387; *Hall* v. *Crailo Sweets, Inc.,* 177 Misc. 120, 262 App. Div. 866; *Chaplin* v. *Selznick,* 293 N. Y. 529.) III. A stockholder's action is not like a creditor's action in which the plaintiff, albeit he purports to represent a class, is the owner of a cause of action in his own right. Hence, the cases that have permitted a creditor-plaintiff,

prior to intervention, to obtain settlement of his own claim and retire from the litigation, are not applicable. (*Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Farnsworth* v. *Wood*, 91 N. Y. 308.) IV. It is no answer to the fiduciary obligation of the stockholder-plaintiff that, prior to judgment, he has the management of the action and can discontinue at pleasure. By the acceptance of money on the corporation's cause of action he is irrevocably committed. (*Manufacturers Mutual Fire Ins. Co.* v. *Hopson*, 176 Misc. 220, 262 App. Div. 731, 288 N. Y. 668.)

*Milton Paulson, William E. Haudek* and *Leonard I. Schreiber* for respondents. I. The stockholder-plaintiff in a derivative suit is not a fiduciary and may therefore privately settle his action. (*Hanford* v. *Story*, 2 S. & S. 196; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206, 223 N. Y. 655; *Security Trust Co.* v. *Pritchard*, 201 App. Div. 142; *Earl* v. *Brewer*, 248 App. Div. 314, 273 N. Y. 669; *Manufacturers Mut. Fire Ins. Co.* v. *Associated Gas & Electric Co.*, 176 Misc. 220, 262 App. Div. 731, 288 N. Y. 668.) II. The complaint states no facts to sustain the conclusion that respondents received more than they were entitled to in equity and good conscience.

Dye, J. The challenge to the within complaint, for failure to state a cause of action, raises the question of whether a plaintiff in a stockholder's derivative action may be required to account to the corporation for moneys received in private settlement for discontinuance of the action.

The complaint alleges that the defendants commenced a stockholder's derivative action in behalf of the Associated Gas & Electric Company (called AGECO) entitled " *Greenberg* v. *Mange, et al.*" in which it was alleged that the defendants, as officers and directors, had so mismanaged its affairs that the company and its stockholders were damaged and prayed that an accounting be had, and that the court " impress a trust in favor of the Company (AGECO) upon all secret profits and gains obtained by any of the defendant directors ", etc. No individual relief was asked except reimbursement for expenses.

Later and before trial, a stipulation was made settling and discontinuing the action without notice to other stockholders and without approval of the court, by the terms of which Greenberg executed releases in his individual and representative capacity and transferred and delivered his stock, having a market value of $51.88, to the defendant directors, and defendants herein received from them the sum of $9,000.

The complaint in this action alleges that the defendants received the money " to the use of, and in trust for AGECO "; that they had failed to account to it or its trustee, the plaintiff herein, and had accordingly unjustly enriched themselves in the sum of $8,948.12 which, in equity, should be paid over to the plaintiff, and prayed judgment accordingly.

The Appellate Division unanimously affirmed the dismissal of the complaint by the Special Term which relied upon *Manufacturers Mutual Fire Ins. Co.* v. *Hopson* (176 Misc. 220, affd. 262 App. Div. 731, affd. 288 N. Y. 668) in which we refused to set aside a stipulation settling a stockholder's derivative suit and revive the action. That case was limited to the right to discontinue and it did not consider whether the moneys received in settlement were impressed with a trust in favor of the corporation for which an accounting should be made.

The very nature of the derivative suit by a stockholder-plaintiff suing in the corporation's behalf suggests the application of the fiduciary principle to the proceeds realized from such litigation whether received by way of judgment, by settlement with approval of the court, which presupposes stockholders' approval, or by private settlement and discontinuance of the action at any stage of the proceeding. Such action, we have held, belongs primarily to the corporation, the real party in interest (*Teich* v. *Lawrence,* 291 N. Y. 245; *Koral* v. *Savory, Inc.,* 276 N. Y. 215; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7) and a judgment so obtained, as well as the proceeds of a settlement with court approval, belongs to it and not the individual stockholder plaintiffs (*Earl* v. *Brewer,* 248 App. Div. 314, affd. 273 N. Y. 669; *Gerith Realty Corp.* v. *Normandie National Securities Corp.,* 266 N. Y. 525). While the stockholder-plaintiff, with such others as join with him, controls the course of the litigation at all stages of the proceeding before final judgment, he does not bind the nonparticipating stock-

holders by his action, or deprive them of their own right of action against the unfaithful directors, nor is he subject to their interference (*Manufacturers Mutual Fire Ins. Co.* v. *Hopson,* 176 Misc. 220, affd. 262 App. Div. 731, affd. 288 N. Y. 668; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166; *Brinckerhoff* v. *Bostwick,* 99 N. Y. 185). When, however, success crowns his effort, the amount received is in behalf of and for the account of the corporation. This is so because the action belongs primarily to it. The manner and method by which such success is accomplished whether by way of judgment, settlement with court approval or by stipulation of the parties, makes no substantial difference in the interest of the corporation upon distribution of the proceeds. Requiring an accounting for moneys received in a private settlement introduces no new element. It simply amounts to a logical application of a fundamental principle inherent in the representative relation. When one assumes to act for another, regardless of the manner or method used in accomplishing a successful termination, he should willingly account for his stewardship. The plaintiff-stockholder, in good conscience, should not be allowed to retain the proceeds of a derivative suit discontinued by stipulation, to his individual use, in opposition to the corporation, any more than the proceeds of a judgment or a settlement with court approval.

The complaint, we believe, states a cause of action.

The judgments should be reversed and the motion to dismiss the complaint denied, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur.

Judgments reversed, etc. [See 296 N. Y. 993.]