412

KLEIN v. KLEIN'S OUTLET, Inc., et al.
No. 175, Docket 20479.

Circuit Court of Appeals, Second Circuit.
March 12, 1947.

Alvin Cushing Cass, of New York City, for appellant.

Arthur Morris, of Jamaica, N. Y., for appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Some of the long and somewhat bizarre history of plaintiff's attempts to avoid satisfying a valid judgment can be found in Klein v. Nu-Way Shoe Co., 2 Cir., 136 F. 2d 986. More details can be found in Judge Bright's opinion in an unreported case, In the Matter of Klein's Outlet, Inc., D.C.S.D.N.Y., Jan. 27, 1944, 70 F.Supp. 680, declining to approve plaintiff's offer of a one-sided compromise. The judgment which plaintiff seeks to avoid paying was obtained against him and others in a state court in a stockholders' action on behalf of the defendant corporation. Later an involuntary petition in bankruptcy inspired by plaintiff was filed against the corporation. In our earlier decision we ordered a trial on the issues of insolvency and act of bankruptcy; but trial has not yet been had, apparently because of the delaying tactics pursued below. The present proceeding is plaintiff's action, for himself and "others similarly situated," for, an injunction to prevent the enforcement of this now adjudicated claim against him in the amount of $29,915.03.

Besides its curious substantive features, this action also presents some procedural oddities. Though it appears to have been instituted as a separate suit which plaintiff repeatedly terms "plenary," it seems to have been treated without objection below as an application in the bankruptcy litigation now pending against the corporation. In due course it apparently passed into the control of the referee in charge who granted respondents' motion to dismiss, in a long and persuasive opinion. Then later the referee denied plaintiff's petition to amend, in a further opinion, pointing out that the proposed amendment added nothing new of substance. Next plaintiff brought a "petition to review" the referee's decisions, which the district court laconically ordered "confirmed." This appeal followed. Respondents make the point that the bankruptcy court had no jurisdiction—a not surprising contention in view of the nature of plaintiff's claims and the apparent dearth of legal or factual basis for them. But we have concluded that there was sufficient semblance of a bankruptcy question so that we should not deny jurisdiction, but should dispose of the case on the merits. The case was actually in the bankruptcy court, and formalities of its institution seem unimportant at this stage. And just as a referee might properly direct a bankruptcy trustee to proceed to the collection of an asset of the estate, so might

he decide against such collection under various circumstances which would make another course unwise or improper for the best interests of the estate. See Meyer v. Fleming, 327 U.S. 161, 172, 66 S.Ct. 382; In re Swofford Bros. Dry Goods Co., D.C. W.D.Mo., 180 F. 549.

On the merits we think the correct disposition of the petition was made below. It is difficult to discover the allegations deemed really important in the confused and verbose documents presented to the court below; but apparently plaintiff appears to rely upon the contentions that the judgment against him is being used by a minority stockholder to obtain an extortionate price for her stock, that the judgment itself is fraudulent, and that its collection would be unconscionable and inconsistent with the bankruptcy administration. Seemingly his first grievance is that Rose Klein, the suing stockholder, would not accept his offer for her stock; upon what basis she can be compelled to sell out, whether the offer is or is not fair, is not made clear. The judgment itself became an asset of the corporation, Clarke v. Greenberg, 296 N.Y. 146, 71 N.E.2d 443; as Judge Bright showed in his opinion supra, and as now appears, such offers of settlement as the plaintiff has made have had too many strings attached to them and have involved so little clear cash as not to deserve serious consideration. The contention that the judgment was fraudulent, which apparently was not pressed at the argument, appears to rest upon the objection that plaintiff's testimony was rejected, and his opponent's testimony accepted, in the state court trial. The contentions that collection of the judgment would somehow interfere with the administration (hardly begun) of this bankrupt estate—perhaps either already solvent or made so by this judgment—seem hardest to decipher. Such preliminary steps as have been taken clearly can be easily adjusted to receive the benefit of this additional asset, the payment of which, as this futile appeal additionally demonstrates, has already been too long delayed.

Affirmed.