ODETTE S. PRICE, as Ancillary Executrix of RAYMOND B. PRICE, Deceased, Plaintiff, v. CREOLE PETROLEUM CORPORATION et al., Defendants.

WOODBURY FARMS AND REALTY CORPORATION et al., Suing on Behalf of Themselves and Other Stockholders of Creole Petroleum Corporation, Respondents-Appellants, v. CREOLE PETROLEUM CORPORATION, Appellant-Respondent, et al., Defendants. (732–733–734.)

ODETTE S. PRICE, as Ancillary Executrix of RAYMOND B. PRICE, Deceased, Plaintiff, v. STANDARD OIL COMPANY et al., Defendants.

(732–733.) COHN, J. (dissenting). In view of the time expended, the amount involved, the skill employed and the result achieved, we think, that the allowance to plaintiffs Woodbury Farms and Realty Corporation and Suffolk Company, Ltd., for attorney's fees and disbursements was inadequate. Through the efforts of plaintiffs' attorney continued over a long period of time, a highly successful settlement during trial was obtained. Under its terms, Standard Oil Company returned to Creole Petroleum Corporation, the defendant in whose behalf the action was brought, 750,000 shares of Creole stock which had a market value of not less than $23,000,000 and an intrinsic value of $29,000,000. This recovery was for the benefit of the corporation, belonged to it and did not belong in selective proportions to the majority and minority stockholders (*Clarke* v. *Greenberg*, 296 N. Y. 146, 149–150; *Pollitz* v. *Wabash Railroad Co.*, 167 App. Div. 669, 689–690).

Creole has successfully contended in this court that the value of the recovery to the minority stockholders was in excess of $1,600,000; that this recovery comprised the sole benefit obtained and that such benefit and not the value of all the stock returned to Creole should be the basis of the fixation of allowance to plaintiffs. With this view we are not in accord. Creole obtained a return of 750,000 shares of its own stock. The benefit of this recovery redounds to all stockholders and the allowance to counsel must be based on the entire recovery even though that recovery be from a defendant who, as here, also happens to be the dominant stockholder of Creole (*Hechelman* v. *Geyer*, 252 Pa. 123). Plaintiffs' allowance for attorney's fees and disbursements should be increased to the sum of $700,000. This sum, together with the allowance for the other plaintiffs (whose claim has been settled during the pendency of this appeal), would aggregate less than 5% of the amount recovered for the benefit of the corporation.

The judgment and order should accordingly be modified by increasing the allowance to plaintiffs Woodbury Farms and Realty Corporation and Suffolk Company, Ltd., to the sum of $700,000.

(732-733.) Peck, P. J., Dore and Van Voorhis, JJ., concur in decision; Cohn, J., dissents in opinion in which Glennon, J., concurs.

(732-733.) Judgment, and order granting allowances, so far as appealed from, modified by reducing the allowance of $530,000 to plaintiffs, Woodbury Farms and Realty Corporation and Suffolk Company, Ltd., for counsel fees and disbursements, payable to Isidor J. Kresel, Esq., attorney of record for said plaintiffs, to the sum of $350,000, and as so modified, affirmed, without costs .

(734.) Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.

(734.) Order granting motion to resettle unanimously affirmed, without costs. Settle order on notice.