Callahan, J.
This is a consolidated appeal by three defendants from orders denying their respective motions to dismiss certain causes of action of the consolidated supplemental complaint in this stockholders’ derivative suit. The action has been brought on behalf of San-Nap-Pak Mfg. Co., Inc. (hereinafter called San-Nap-Pak) against officers, directors, and others, including various interrelated corporations allegedly under the common control and domination of certain of the defendants.
We find that the fifth and tenth causes of action should have been dismissed on the motion of the defendant Birrell, and that the motion of the defendant Securities Corporation General (hereinafter called SCG) should have been granted as to the tenth cause of action.
Essentially the fifth cause of action challenges the validity of an issue of $2,500,000 in debentures by San-Nap-Pak. It states that the corporate charter required approval by two thirds of the preferred stockholders before any such indebtedness might be created. The gravamen of the charge action is the failure to call a meeting of ¡the preferred stockholders to pass upon the issuance of the debentures. There is no allegation as to the absence of actual qonsent. Assuming that *109 the plaintiffs as common stockholders are competent to raise such a question on behalf of the corporation, they are at least required to make a prima facie showing that the corporation suffered damage as a result of the issuance of the bonds. No facts, however, are pleaded in the cause of action to show that damage resulted. At most there are only conclusory averments that the bonds were issued to mulct the corporation and divert its assets to the defendants, and that the act was ultra vires. It is not shown that the corporation received less than an adequate consideration for the debentures, nor are there any facts indicating that the action taken was harmful or illegal. A mere breach of the charter requirements as to consents would not make those in control of San-Nap-Pak or otherwise connected with the transaction liable to the corporation in the absence of injury. The fact that interest was made retroactive for a short period of time would not be sufficient in itself to show corporate waste.
The tenth cause of action alleged in the consolidated supplemental complaint relates to a sale of about 30,000 shares of San-Nap-Pak common stock to SCG by the Waterman Corporation and others (hereinafter called the Waterman group). It is said that the sale price of $15 a share was far in excess of the value of the stock and resulted in personal benefit and unjust enrichment of the Waterman group in violation of the trust assumed by them when they instituted the original actions as representatives of the stockholders and on behalf of San-Nap-Pak. Though it is alleged that San-Nap-Pak owned effective control of the SCG common stock and that the individual defendants Birrell, Hopps and others wrongfully utilized San-Nap-Pak’s voting control of SCG to consummate the sale, this action is not brought on behalf of SCG and no facts are alleged to show that San-Nap-Pak was even indirectly injured by the transaction. Apparently the theory underlying this cause of action is that the sale was part of a scheme to buy off the Waterman group and effect a settlement of the original derivative suits instituted by them. There is no allegation, however, that these actions were terminated. In fact, the Waterman group continue as plaintiffs as well as defendants in the present consolidated action. The plaintiffs in a derivative stockholders ’ suit may owe a fiduciary duty to the corporation to answer for the proceeds of any settlement (Clarke v. Greenberg, 296 N. Y. 146), and a breach of trust on the part of the Waterman group in effectuating a sale of their stockholdings in the circumstances alleged might afford a basis for an accounting against the *110 wrongdoers benefiting by the unlawful act. However, it would not necessarily follow that those in control of the represented corporation or the purchaser of the stock would also be liable on account of the transaction. There are no facts alleged to show that the efficacy of the Waterman group as plaintiffs in this litigation has been destroyed, or that the use of San-Nap-Pak’s voting control of SCG in consummating the allegedly wrongful sale caused injury to San-Nap-Pak. It may also be added that SCG clearly obtained no advantage from the purchase of the stock held by the Waterman group.
We think that the other causes of action attacked by the defendants Birrell, SCG and Metropolitan Commercial Corporation are properly pleaded as to each of said defendants and sufficient in law under the rule of liberal construction and intendment in favor of a pleading.
The orders appealed from by the appellant Birrell and by the appellant Securities Corporation General should be modified by dismissing the fifth and tenth causes of action as to Birrell and the tenth cause of action as to Securities Corporation General, and as so modified, affirmed, with $10 costs and one half of the disbursements to each of said appellants, with leave to the respondents to amend. The order appealed from by the appellant Metropolitan Commercial Corporation should be affirmed, with $20 costs and disbursements to the respondents.
Glennon, J. P., Dore, Cohn and Shientag, JJ., concur.
Orders unanimously modified in accordance with the opinion herein. Settle order on notice. [See post, p. 922.]