## DABNEY v. LEVY.

United States District Court
S. D. New York.
July 12, 1950.

552

Harper & Matthews, New York City, Harold Harper, Vincent P. Uihlein, New York City, of counsel, for plaintiff.

Herbert M. Levy, New York City, for defendant.

CONGER, District Judge.

The defendant moved at the close of the plaintiff's case to dismiss the complaint upon various grounds and also for a directed verdict. He renewed the motions after the jury had returned a verdict for the plaintiff in the sum of $6,000. He then moved also for a new trial on the same grounds plus the ground that the verdict

was against the weight of evidence and should be set aside.

The action is one at law in which the plaintiff seeks recovery of trust funds in an amount in excess of $6,962 comprising part of the proceeds of a private settlement of a stockholder's derivative suit, The funds were turned over to defendant by his brother, Milton I. Milvy, an attorney, in various amounts from time to time commencing August 18, 1938.

It appears that Milvy represented certain plaintiffs in a stockholder's derivative action commenced on January 4, 1938 in the Supreme Court, New York County, against certain persons who then were, and other persons who had been, officers and directors of Associated Gas & Electric Company, such action being known as Russell et al. v. Hopson et al.

It further appears that on or about July 7, 1938, there was a private settlement and compromise of said suit under the terms of which there was paid on behalf of the defendants to Milvy the sum of $21,000. The plaintiffs simultaneously executed and delivered releases and also delivered certificates representing 181 shares of the Class A and 2 shares of the common stock of Associated Gas & Electric Company which the plaintiffs owned. Such shares had a total value of $204.88.

The defendant had cooperated and participated with Milvy in the action and he received a portion of the $21,000.

The following interrogatories were submitted to the jury, and answered by them:

"Did defendant receive money from Milton I. Milvy with knowledge that such money was being paid to him as part of the proceeds of the settlement of the stockholder's derivative action in the New York Supreme Court entitled Russell, et al. v. Hopson, et al?"

Answer: "Yes."

"If so, how much did defendant receive?"

Answer: "$6,000."

"State when such sum or sums were so received by defendant."

Answer:

| "August 18, 1938 | $ 500.00 |
| September 13, 1938 | 1,000.00 |
| October 18, 1938 | 3,000.00 |
| November 9, 1938 | 1,500.00" |

"Did plaintiff or a predecessor trustee of Associated Gas and Electric Company have knowledge, prior to June 17, 1947, of such receipt of moneys by defendant?"

Answer: "No."

"Could plaintiff or any predecessor trustee of Associated Gas and Electric Company with due diligence have obtained such knowledge prior to June 17, 1947?"

Answer: "No."

The amount received by Milvy, over and above the value of the shares of stock delivered, constituted a trust fund for the benefit of the Associated and was received and held by the plaintiffs, Russell and Heller, and by their attorney, Milvy, in trust for Associated Gas & Electric Company. Clarke v. Greenberg, 296 N.Y. 146, 71 N.E.2d 443, 169 A.L.R. 944.

In view of the jury's verdict the only problem presented is whether the claim or any part is barred by applicable statutes of limitations.

Plaintiff concedes that the action is to enforce a state-created right; that the applicable state statute would be Section 48 (1) of the New York Civil Practice Act, barring an action upon contract in six years; and that such statute would run from the time of the receipt of the money by the defendant and not from the time of the discovery of such receipt by the reorganization trustee.

Plaintiff relies, however, upon Section 11, sub. e of the Bankruptcy Act, which provides in part as follows: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the peti-

tion in bankruptcy." 11 U.S.C.A. § 29 sub. e.

■ True this claim, having its inception in a state-created right, is governed by the state statute of limitations but when the petition for reorganization was approved a new statute of limitations came into being, Section 11, sub. e. This could not revive a stale claim, i. e. one that had been barred by the state statute before the approval of the petition. It does not limit nor shorten the time allotted in the state statute, but it may extend the time limit of the state statute. So that if under the state statute the cause of action is barred on the day following the approval of the petition, the time to start such action is extended for two years.

It follows, therefore, that the cause of action here is governed, after the approval of the petition, solely by Section 11, sub. e, and that the state statute of limitations is only pertinent because of the provision of Section 11, sub. e, "or within such further * * * time as the * * * State law may permit."

■ In the case of corporate reorganization proceedings, the "date of adjudication" is read as the date of the approval of the petition. That would be January 1, 1940. The two years allowed by the statute would expire January 1, 1942.

■ On the other hand, under the state law the limitation would not have expired in toto at least until six years from November 9, 1938, the date of the last payment to defendant. That would be November 9, 1944.

■ A receiver or trustee may have the benefit of this further period.

Plainly, therefore, by the terms of the statute the claim in suit had expired long before this action was commenced on June 6, 1948.

■ Plaintiff argues, and I believe correctly, that Section 11, sub. e, being a Federal statute, must have read into it the doctrine that the bar of such statute does not begin to run until the facts giving rise to the claim are discovered by the aggrieved party, citing Austrian v. Williams, D.C.

S.D.N.Y.1948, 80 F.Supp. 437; Holmberg v. Ambrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, 162 A.L.R. 719; Grossman v. Young, D.C.S.D.N.Y.1947, 72 F.Supp. 375; Bailey v. Glover, 1874, 21 Wall. 342, 22 L. Ed. 636.

Actually, the plaintiff's conception of the doctrine is somewhat broader than what it is ordinarily thought to be. "Fraud" is the condition for tolling the statute mentioned in the cases cited above. And the complaint in suit contains no reference to fraud.

In Bailey v. Glover, supra, wherein the rule appears to have been originally stated, the bankrupt transferred property to his relatives without consideration in contemplation of bankruptcy, and concealed such transfer. Undoubtedly this transaction involved a species of what is commonly understood as fraud, and the Court might clearly rely on such condition in stating "* * * that where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party."

In the Holmberg case, the Court had no reason to pass on the point and merely stated the Bailey rule in the discussion.

In Austrian v. Williams, supra, Judge Coxe applied the rule to circumstances apparently no more "fraudulent" than those in suit. There the defendants were charged with deliberately and fraudulently concealing facts which gave rise to the claims against them for breach of fiduciary duty and waste of assets.

In Grossman v. Young, supra, Judge Rifkind applied the rule to a situation where the "fraud" consisted of concealment of profits and failure to file statements required by Section 16(a, b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78 p(a, b).

■ Paragraph 15 of the complaint herein alleges that the facts giving rise to the claim were "concealed and withheld

and kept concealed and withheld" until June 17, 1947. It is true that a fraudulent concealment is not alleged but I fail to see any significant distinction in the circumstances of the Austrian and Grossman cases and the present one for the purposes of applying the rule that the statute does not begin to run until the fraud is discovered. The jury has found that the defendant knew the money came from the proceeds of the settlement. The defendant concealed such fact until it became known in June of 1947. I believe the statute was tolled until that time and that the suit which was commenced on June 6, 1948, was timely brought.

The defendant's motions are denied and the verdict shall stand.

Settle order.