■ RICHARD HILPERT, on Behalf of Himself as a Shareholder of Massapequa Star Taxi, Inc., Appellant-Respondent, v ALEX YARMOSH et al., Respondents-Appellants.—In a shareholder's derivative action, (1) plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered January 3, 1980, as, after a nonjury trial, dismissed the complaint, and (2) defendants cross-appeal from so much of the same judgment as dismissed their counterclaim. Judgment affirmed, without costs or disbursements. Affirmance is warranted because the quantum of proof proffered by the

plaintiff in this stockholder's derivative action does not support a grant of relief. We are constrained, however, to note our disagreement with the trial court's view that dismissal of the complaint was required because both sides had "dirty hands". A cause of action in a shareholder's derivative suit belongs to the corporation and any recovery runs in its favor *(Alexander v Donohoe,* 143 NY 203). The "dirty hands" rationale therefore is inapplicable to plaintiff's representative capacity since the suit is for the benefit of the corporation *(Sado v Marlun Mfg. Co.,* 196 NYS2d 32; see, also, *Craven v Gazza,* 36 Misc 2d 493). Nevertheless, plaintiff never actually proved the amount of money withheld from the corporation and the damage suffered during the period of withholding. Indeed, there is not even an effort to make such a calculation in the current brief. As to the promissory or mortgage note—whichever it may be—which created a corporate liability as a result of its wrongful execution by the defendants on behalf of the corporation, it was never offered in evidence for the trial court's evaluation. The execution of the note did not result in a judicially cognizable diversion of corporate funds since the matter was, as defendants claim, a "wash" transaction. In the absence of either the instrument itself or the details of its contents, the trial court was justified in concluding that plaintiff had not established his claim. Indeed, it is difficult to visualize a form of relief that could have been fashioned to eliminate the liability considering the lack of proof. Certainly, the plaintiff suggests none. Since the defendants offered no evidence at the trial in support of their counterclaim, their cross appeal is frivolous. Lazer, J. P., Gulotta, Cohalan and Weinstein, JJ., concur.