■ ANGELA ARAGONA, Individually and as Executor of NICHOLAS ARAGONA, Deceased, and as a Shareholder of CIN-MAR DEVELOPERS, INC., Suing on Behalf of All Other Shareholders of CIN-MAR DEVELOPERS, Respondent, v CIN-MAR DEVELOPERS, INC., Defendant, and JOSEPH ARAGONA, JR., et al., Appellants. [673 NYS2d 202] —In a shareholders' derivative action, *inter alia,* for an accounting and injunctive relief, the defendants Joseph Aragona, Jr., and Cynthia Aragona, a/k/a Cynthia Neuman, appeal from an order of the Supreme Court, Kings County (Barasch, J.), entered March 31, 1997, which held them in civil contempt and, *inter alia,* directed them to pay a total of $25,000 to the plaintiff.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The plaintiff Angela Aragona brought the instant shareholders' derivative action alleging that she was secretary and a 50% shareholder in the defendant Cin-Mar Developers, Inc. (hereinafter Cin-Mar), and secured a temporary restraining order barring "the defendants Joseph Aragona, Jr. and Cynthia Aragona and their agents and employees * * * from transferring, selling or in any way alienating any property, funds or assets of defendant Cin-Mar".

Thereafter, the plaintiff moved, *inter alia,* to hold the defendants Joseph Aragona, Jr., and Cynthia Aragona in contempt of the temporary restraining order. The defendants, in opposition, contended, *inter alia,* that the plaintiff Angela Aragona was not an officer or shareholder of Cin-Mar.

In an order dated February 14, 1997, the court found that "an initial question of fact exists as to whether Angela is an officer and/or shareholder of Cin-Mar [so] the threshold issue of standing cannot be determined upon the present record and requires a hearing for proper resolution", and directed a hearing before a Judicial Hearing Officer on that "threshold" issue.

However, in a decision from the bench dated February 13, 1997, the court found the defendants Joseph Aragona, Jr., and Cynthia Aragona guilty of civil contempt of the temporary restraining order, and fined them $25,000. Prior to entry of the order upon that decision, the action was removed to the United States Bankruptcy Court for the Eastern District of New York. Thereafter, the order appealed from was entered, and this appeal ensued.

Before any relief may be granted to the plaintiff Angela Aragona, the threshold question of her standing to sue must be determined (*see, Lubitz v Mehlman,* 187 AD2d 97).

We further note that, even if it is ultimately determined that the plaintiff Angela Aragona had standing to sue, it appears that the damages should be awarded, not to Angela Aragona individually, but rather, to the corporation upon behalf of which the derivative action was commenced (*see,* Business Corporation Law § 626 [a]; *Glenn v Hoteltron Sys.,* 74 NY2d 386, 392; *Wolff v Wolff,* 67 NY2d 638, 641).

However, the State court was not divested of jurisdiction to enter a contempt order by virtue of Cin-Mar's removal of the action to the Federal bankruptcy court (*see, Stewart Tit. Co. v Street,* 731 SW2d 737, 739 [Tex]; *In re Willliams,* 3 Bankr 401, 403).

The parties' remaining contentions are either without merit or need not be addressed at this juncture in light of our determination. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.