OPINION OF THE COURT
Scott Fairgrieve, J.
Gorbrook Associates, Inc. and Norman Fishman, derivatively *427 on behalf of Gorbrook Associates, Inc., commenced this holdover summary proceeding against llene Silverstein concerning the premises located at 9 Mitchell Avenue, Plainview, New York.
Allegations of Petition
The holdover petition dated August 18, 2010, alleges that petitioner owns the residence at 9 Mitchell Avenue, Plainview, New York.
Paragraph 2 of the petition alleges that Norman Fishman owns 25 shares of Gorbrook.
Paragraphs 3 and 4 allege that Gorbrook has two members of the board of directors and that Norman Fishman is the sole disinterested director concerning this matter. The petition states that Norman Fishman is also an officer and has been authorized by Gorbrook’s directors to bring this matter.
Paragraph 5 alleges that Norman Fishman is also suing derivatively on behalf of Gorbrook pursuant to Business Corporation Law § 626.
Paragraph 7 alleges that llene Silverstein is the daughter of Allen Silverstein and the sister of Eric Silverstein.
Paragraph 8 alleges that Norman Fishman and Allen Silver-stein are the only directors of Gorbrook.
Paragraph 11 alleges that on or about August 1, 2009, either or both Allen Silverstein and/or Eric Silverstein arranged for llene Silverstein and her husband to move into the premises without a lease or contractual or statutory grant, authority or other basis.
Paragraph 13 states that respondents are “at most, a ‘tenancy at will or by sufferance’ of the Premises pursuant to New York Real Property Law § 228.”
Norman Fishman alleges the following with respect to Allen Silverstein in paragraphs 14 through 17:
“14. In or about November 2009, and from time to time thereafter, N. Fishman demanded, in one or more conversations, that A. Silverstein cooperate and/or not interfere with action by Gorbrook to secure payments from I. Silverstein for use and occupancy of the Premises and/or to remove I. Silver-stein and her aforesaid husband from possession of the Premises.
“15. In or about November 2009, and from time to time thereafter, A. Silverstein was otherwise aware *428 that N. Fishman wanted Gorbrook to secure payments from I. Silverstein for use and occupancy of the Premises and/or to remove I. Silverstein and her aforesaid husband from possession of the Premises.
“16. In spite of the aforesaid demands to A. Silver-stein, and his awareness of such demands, A. Silver-stein refused to cooperate and/or attempted to interfere with, and otherwise opposed, the aforesaid action by Gorbrook to secure payments from I. Silverstein for use and occupancy of the Premises and/or to remove I. Silverstein and her aforesaid husband from possession of the Premises.
“17. Notwithstanding such demands to A. Silver-stein, and his awareness of such demands, A. Silver-stein is opposed to some or all of the relief that the petitioners seek in this proceeding, so it would have been futile for N. Fishman to attempt to secure the approval of A. Silverstein for Gorbrook to seek such relief assuming arguendo that such approval was necessary.”
Paragraphs 18, 19 and 20 allege that a 30-day notice to quit was served upon respondents but they have failed to vacate.
Grounds for Dismissal
Respondents moved for an order of dismissal pursuant to CPLR 3211 (a) (7) on the grounds that Norman Fishman does not have the authority to bring this proceeding and/or the additional grounds that a shareholder can’t maintain a summary proceeding derivatively.
The Appellate Term by its order dated December 7, 2012, held that this court should determine whether the summary proceeding can be maintained derivatively and/or whether the Gorbrook directors authorized the instant proceeding.
Affidavit of llene Silverstein
llene Silverstein alleges in her affidavit, dated September 7, 2010, that she has a contract to purchase the said premises. The contract is dated January 18, 2009, with a purchase price of $253,000, with a closing date of on/or about June 1, 2009 (see llene Silverstein aff, exhibit B).
This contract is signed by both Norman Fishman and llene Silverstein with no dates next to their signatures. Attached to exhibit B is the FHA Purchase Agreement Addendum signed only by llene Silverstein dated January 23, 2010.
*429 Also attached to the affidavit of llene Silverstein is the summons and complaint, dated May 27, 2010, concerning the litigation pending in the Supreme Court, Nassau County, against Gorbrook Associates, Inc., Norman Fishman, Rita Fishman, individually and as executrix of the estate of Ted Fishman, wherein llene Silverstein seeks a declaration that the contract is valid. Attached to the said summons and complaint is the notice of termination of residential contract of sale, dated January 5, 2010, wherein Gorbrook Associates, by Norman Fishman, terminated the contract of sale.
llene Silverstein asserts in her affidavit (para 3) that Norman Fishman owns 25% of the shares, 25% is owned by her father Allen Silverstein, 25% by her sister-in-law Robin Silverstein, and 25% by Rita Fishman as beneficiary of the estate of Ted Fishman (Norman Fishman’s brother).
llene Silverstein claims that Gorbrook has three directors, namely Norman Fishman, Allen Silverstein and Robin Silver-stein. There has never been a vote of board of directors authorizing this summary proceeding and thus Norman Fishman doesn’t have the authority to bring this proceeding. It is further stated that Norman Fishman doesn’t have the authority to bring this proceeding as treasurer. Furthermore, it is contended that a derivative shareholder proceeding is not authorized by RPAPL 721, which is being pursued by Norman Fishman.
llene Silverstein contends in paragraphs 5 and 6 of her affidavit that the said contract of sale was signed in the spring of 2009. She moved into the said premises in October of 2009, with Norman Fishman’s consent. llene Silverstein contends this summary proceeding is a vindictive attempt by Norman Fish-man to strike at Allen Silverstein due to ongoing controversies.
Affidavit of Robin Silverstein
Robin Silverstein submitted an affidavit dated September 8, 2010 in support of the motion to dismiss. Robin Silverstein states that she is a 25% shareholder, director and secretary of Gorbrook. There has never been any discussions or vote authorizing the eviction of llene Silverstein. Norman Fishman commenced the summary proceeding on his own volition and does not have the authority to evict llene Silverstein. She claims that the summary proceeding is an attempt by Norman Fish-man to force Allen Silverstein to make financial concessions in the Nassau County Supreme Court dissolution proceeding pending between the parties.
*430 Affidavit of Allen Silverstein
Allen Silverstein also submitted an affidavit, dated September 7, 2010, wherein he states that he owns 25% of the shares, and is a director with Robin Silverstein. Allen Silverstein is also vice-president. He contends that Norman Fishman doesn’t have the authority to bring the summary proceeding.
Allen Silverstein provides the following scenario on why Norman Fishman is pursuing this summary proceeding:
“llene has a contract to purchase 9 Mitchell (Exhibit ‘B’). Norman prepared and signed this contract, on behalf of Gorbrook. Sometime after that contract was signed, he and I began to have disagreements as to the finances of Gorbrook and he switched his position on llene’s contract. Without authority, he then attempted to cancel her contract and, ever since, he has been threatening to force her out of the house and loose the property. The only purpose in bringing this proceeding is to force me to make financial concessions in the dissolution of Gorbrook. llene has spent about $170,000 to rebuild 9 Mitchell. She is concerned about being forced into the middle of the fight between Norman and I and the costs involved. Norman has known llene for many years. He knows how concerned and how worried she is. This proceeding is just plain vindictive and wrong.”
Affidavit of Norman Fishman
Norman Fishman states in his affidavit, dated September 23, 2010, that respondents have occupied the said premises since August 2009, without paying any use and occupancy. He states that respondents are trying to use Allen Silverstein’s and Robin Silverstein’s membership on the board of directors to prevent Gorbrook and Norman Fishman from acting derivatively on behalf of Gorbrook.
Norman Fishman contends that Gorbrook is prevented from selling the house or renting same for needed revenues to pay creditors and finishing another house.
Norman Fishman claims that he has a 31.25% ownership interest and that Allen Silverstein has a 18.75% interest.
The only two members of the board are Norman Fishman and Allen Silverstein.
Gorbrook took title to the said premises on August 23, 2007. One deal for the sale of the property collapsed. Thereafter, after *431 months of negotiations in about August of 2009, Gorbrook executed the contract to sell the said premises to respondents. Thereafter, llene Silverstein and her husband moved into the said premises without the permission of Norman Fishman and Gorbrook. Neither the contract nor any modification permitted the occupancy.
Norman Fishman claims that he protested the occupancy. Allen Silverstein told Norman that his daughter would pay for their occupancy at the closing.
Gorbrook established a “time of the essence” closing date of October 31, 2009, for llene Silverstein to close but failed to do so. Thereafter, a January 5, 2010 notice was sent to llene Silver-stein terminating the contract of sale and requesting llene Silverstein vacate.
Negotiations were attempted among Norman Fishman, Rita Fishman, and Eric Silverstein (owns 15 shares) to resolve the 9 Mitchell house and other Gorbrook matters but to no avail.
Litigation resulted from the failed negotiation. llene Silver-stein commenced an action in the Nassau County Supreme Court to validate her contract.
Allen Silverstein and Robin Silverstein commenced a dissolution proceeding in the Nassau County Supreme Court.
Norman Fishman and Gorbrook were also going to commence a plenary proceeding against Allen Silverstein, Eric Silverstein, and Robin Silverstein in the Nassau County Supreme Court.
Norman Fishman further states that none of the Supreme Court litigation involves the alleged rights to occupy the premises and the rights of Gorbrook and Norman Fishman to evict llene Silverstein and her husband from the premises.
Affirmation of Attorney Michael M, Premisler
Attorney Michael M. Premisler submitted his affirmation, dated October 7, 2010, on behalf of his client llene Silverstein. Attorney Premisler argues that Business Corporation Law § 626 allows a shareholder to bring an action derivatively. The argument presented is that RPAPL 721 (1) allows summary proceedings to be brought by a landlord or lessor and that a shareholder is neither a lessor nor landlord. Business Corporation Law § 626 applies to actions but not summary proceedings which is governed by RPAPL 721.
It is further argued that even if Allen Silverstein and Robin Silverstein are not qualified to vote as directors and sharehold *432 ers of Gorbrook to vote on the contract between Gorbrook and llene Silverstein, this doesn’t justify Norman Fishman from proceeding.
It is pointed out that Rita Fishman never submitted an affidavit in support of Norman Fishman.
Attorney Premisler submits the following arguments to have this matter dismissed:
“6. Norman signed the contract to sell the property to llene. He now wants to repudiate a contract that he prepared and signed. Norman took it upon himself to terminate the contract, without support from any of the other shareholders and then he took it upon himself to commence this proceeding. He argues that he was relieved of the requirement of communicating with the other shareholders and directors and therefore he did not have to obtain their consent to bring this proceeding. Without any authority, Norman sets himself up as the party to make all the determinations for Gorbrook.
“7. Norman also unilaterally decides that Robin Silverstein is not a member of the board or for that matter a shareholder and even if she is a shareholder and director she is also disqualified from voting on these issues. A determination of who are the directors of this corporation and who is qualified to vote on this particular issue does not belong in Landlord/ Tenant Court.
“8. It seems that Norman’s only intent in bringing this proceeding is to obtain payment from llene for use and occupancy. This Court should not be used in that fashion. This Court’s jurisdiction is limited to determining possession. The question of use and occupancy should be addressed only when it is related to issues of possession, pending determination of such a case. The issue of use and occupancy is more properly raised in the pending Supreme Court action.
“9. Respondent has the right, because the petitioner brought this proceeding to have this matter dismissed on the grounds set forth herein. Respondent has the right to ask this Court to determine that this proceeding was improper and therefore asks this Court to dismiss this case.”
*433 Respondents’ Memorandum of Law
Respondents argue in their memorandum of law that llene Silverstein is a contract vendee and thus this proceeding is brought pursuant to RPAPL 713 (9). RPAPL 713 (9) states:
“A vendee under a contract of sale, the performance of which is to be completed within ninety days after its execution, being in possession of all or a part thereof, and having defaulted in the performance of the terms of the contract of sale, remains in possession without permission of the vendor.”
Respondents further state that only an owner is entitled to commence this summary proceeding pursuant to RPAPL 721 (5). In 1977, RPAPL 721 (8) was amended to bar legal representatives from bringing summary proceedings. Since Norman Fishman is acting derivatively (as a legal representative), he cannot proceed to bring a summary proceeding.
Respondents also argue that the business of a corporation is managed by its board of directors pursuant to Business Corporation Law § 701.
Since Gorbrook directors have not approved the summary proceeding, it cannot be prosecuted solely by Norman Fishman as a director because he does not have the capacity to bring the lawsuit.
Since Norman Fishman is a minority or dissenting shareholder he cannot prosecute a lawsuit in the name of Gorbrook without an affirmative vote of the shareholders. There has been no attempt to obtain consent from the other directors and/or shareholders. Respondents cite Tidy House Paper Corp. of N. Y. v Adlman (4 AD2d 619 [1st Dept 1957]), and Sterling Indus. v Ball Bearing Pen Corp. (298 NY 483 [1949]) as authority for their positions.
Petitioner’s Memorandum of Law
Petitioner submitted a memorandum of law in opposition to the motion to dismiss.
Petitioner contends that Business Corporation Law § 626 allows Norman Fishman to bring the summary proceeding derivatively on behalf of Gorbrook.
Petitioner contends that the 1977 amendment to RPAPL 721 (8) does not ban derivative summary proceedings.
Gorbrook has the right to bring the summary proceeding directly against respondents which is solely authorized by Nor *434 man Fishman. Both Allen Silverstein and Robin Silverstein are “interested” because of their relationship with llene Silverstein and could not vote on a resolution at a board meeting authorizing summary proceedings against llene Silverstein and her husband. (Citing Rapoport v Schneider, 29 NY2d 396 [1972].)
llene Silverstein should not be able to reside at the said premises without paying use and occupancy and deprive Gorbrook of the economic benefits that belong to Gorbrook as owner, i.e., sale or lease of the premises.
Decision
This court could find no authority/decision on whether a summary proceeding may be instituted/maintained derivatively by a shareholder on behalf of a corporation. This court holds that a derivative action may be maintained by Norman Fish-man on behalf of the corporation Gorbrook. The economic benefit of the summary proceeding belongs to the corporation and not to Norman Fishman, individually. (See Hilpert v Yarmosh, 77 AD2d 615 [2d Dept 1980].) Any recovery from a shareholder’s derivative suits inures to Gorbrook and not to the shareholder who instituted the suit. (See In re First Cent. Fin. Corp., 269 BR 502 [Bankr ED NY 2001]; Aragona v Cin-Mar Devs., 250 AD2d 792 [2d Dept 1998].)
Thus, any recovery belongs to the corporation. Since the corporation is the owner of the premises and will receive the benefit of the summary proceeding, an action may be brought pursuant to RPAPL 721 because Gorbrook is the owner of the property.
Business Corporation Law § 626 provides that a derivative action may be brought on behalf of a domestic corporation.
“(a) An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor, by a holder of shares or of voting trust certificates of the corporation or of a beneficial interest in such shares or certificates.
“(b) In any such action, it shall be made to appear that the plaintiff is such a holder at the time of bringing the action and that he was such a holder at the time of the transaction of which he complains, or that his shares or his interest therein developed upon him by operation of law.
“(c) In any such action, the complaint shall set forth with particularity the efforts of the plaintiff to *435 secure the initiation of such action by the board or the reasons for not making such effort.” (§ 626.)
The word “action” used in Business Corporation Law § 626 (c) includes summary proceedings. In New York Practice, fourth edition, Professor David D. Siegel writes: “In the CPLR, the word ‘action’ includes a special proceeding. This enables procedures that are applicable in terms to an ‘action’ to govern in special proceedings as well, whenever appropriate, without having constantly to repeat the words ‘special proceeding.’ ” (Siegel, NY Prac § 4 [4th ed].)
Pursuant to Business Corporation Law § 626 (c), Norman Fishman was obligated to set forth in the complaint (petition) with particularity his efforts to secure the initiation of the summary proceeding by the board of directors or set forth in the complaint the reasons for not making such a demand.
In Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP (46 AD3d 354 [1st Dept 2007]), the court allowed a derivative shareholder action for malpractice against a law firm.
The court excused the demand required by Business Corporation Law § 626 (c) upon the board of directors because:
“Finally, Voluto demonstrated the futility of a demand on the board of directors of Harbour by alleging that the chairman of the board was Bob Walker’s father and that he dominated two of the other four members of the board (see Business Corporation Law § 626 [c]; Bansbach v Zinn, 1 NY3d 1, 9 [2003]).” (Id. at 356.)
In the case at bar, Norman Fishman has adequately pleaded grounds in the petition establishing that demand upon the board of directors would be futile. (See also Bouhayer v Georgalis, 169 Misc 2d 779 [Sup Ct, Queens County 1996] [wherein the court stated: “The demand procedure protects the integrity and independence of the directors, whose prime responsibility it is to manage the corporation. To accomodate those situations where directors are actuated by fraud or bad faith, and not the best interests of the corporation, demand may be excused where it is clear that the directors will wrongfully refuse to bring a claim (Barr v Wackman, supra, at 378-379; Gordon v Elliman, 306 NY 456, 462)”].)
In Danzy v NIA Abstract Corp. (40 AD3d 804, 805 [2d Dept 2007]), the court held that a demand is futile and excused where directors are incapable of making an impartial decision as whether to commence the lawsuit:
*436 “Business Corporation Law § 626 (c) provides that the plaintiff in a shareholders’ derivative action ‘shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board [of directors] or the reason for not making such effort.’ This demand requirement ‘is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit’ on the specific claim (Bansbach v Zinn, 1 NY3d 1, 9 [2003]; see Marx v Akers, 88 NY2d 189, 200-201 [1996]).”
Norman Fishman has alleged specific facts which leads this court to conclude that the other directors would not be impartial. Gorbrook has the right to protect and enjoy the economic benefits to be derived from ownership of said premises. Thus, this summary proceeding may be brought by Norman Fishman derivatively on behalf of Gorbrook Associates.
The issue of whether Norman Fishman as director and treasurer has the authority to institute a lawsuit directly in the name of Gorbrook is more problematic. A review of the papers indicates that Gorbrook has no president. Allen Silverstein is vice-president and one of the directors. There is a factual dispute on whether Robin Silverstein is a director.
The business of a corporation is managed by its board of directors. (See Business Corporation Law § 701.) The decision to institute litigation rests within the discretion of the board of directors. (See 14A NY Jur 2d, Business Relationships § 591; see also TJI Realty v Harris, 250 AD2d 596 [2d Dept 1998].)
Also, generally, the vice-president, secretary and/or treasurer do not have the authority to authorize a suit in the name of the corporation. (See Kardwheel Corp. v Karper, 1 Misc 2d 707 [Sup Ct 1956].) In 14A New York Jurisprudence, Second Edition, Business Relationships § 666, the following is stated: “Generally, the vice-president of a corporation cannot, merely by virtue of such office, authorize a suit in the name of the corporation in the absence of authority to do so, and the same rule applies to the secretary or the treasurer of a corporation.”
However, in Rothman & Schneider v Beckerman (2 NY2d 493 [1957]), the Court of Appeals held that the corporation’s only active officer (secretary-treasurer) was authorized to commence litigation against the defendants who were strangers to the corporation and charged with converting assets of the corporation. In reaching its decision, the Court held:
*437 “It is to be borne in mind that we are dealing with a small closely held corporation, whose affairs were conducted without formality of any kind and that, following the agreement to dissolve the corporation, the president went into ‘retirement,’ leaving the entire management and operation of the company to its secretary-treasurer. His was the headship, the responsibility for the conduct of the corporate business being left with him. Having in mind the realities of the situation, the courts below were fully warranted in concluding that the company’s only active officer was authorized to institute and prosecute such a suit as this, and certainly the defendants before us, complete strangers to the corporation and actually charged with converting a portion of its assets, should not be permitted to question his authority and thereby frustrate the action.” (Id. at 499.)
The factual posture of this case is completely different from the situation in Rothman. In Rothman, the entire management and control of the closely held corporation was vested in the secretary-treasurer. In the case at bar, Norman Fishman is at complete odds with Allen Silverstein and Robin Silverstein who object to this summary proceeding. Therefore, this court finds that the holding of Rothman does not apply and Norman Fish-man lacks the authority to authorize the litigation in the name of Gorbrook Associates.
Joinder of Gorbrook as a Respondent
Since this court is permitting the derivative action (summary proceeding) Gorbrook should be named as a respondent because it is an indispensable party. (See Carruthers v Waite Min. Co., 306 NY 136 [1953]; 20 Carmody-Wait 2d § 121:207.)
In Carruthers, the Court held that
“[t]he cause of action known as a stockholder’s derivative action belongs to the corporation and not to the stockholders individually or collectively (Clarke v. Greenberg, 296 N. Y. 146; Teich v. Lawrence, 291 N. Y. 245; Holmes v. Camp, 180 App. Div. 409; Chaplin v. Selznick, 186 Misc. 66). The stockholder is a mere nominal plaintiff — an instigator of the action on behalf of the corporation (Chaplin v. Selznick, 293 N. Y. 529, 532). Any recovery in such an action must run in favor of the corporation (Isaac v. Mar *438 cus, 258 N. Y. 257, 264). Accordingly, it has been held time and again, alike by the courts of this State and the Federal courts — and the treatise writers are in accord — that an existing corporation is an indispensable party to a stockholder’s derivative action” (306 NY at 140 [citations omitted]).
Thus, Norman Fishman shall serve the necessary papers upon Gorbrook by June 5, 2013, to add it as a respondent.
Conclusion
1. Norman Fishman may maintain the derivative action on behalf of Gorbrook.
2. Norman Fishman lacks the authority to authorize the litigation in the name of Gorbrook.
3. Norman Fishman shall cause Gorbrook to be added as a respondent by June 5, 2013, because Gorbrook is an indispensable party.